1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL G. SIFUENTES,

        Petitioner,

    v.

STATE OF CALIFORNIA[1],

        Respondent.

Case No. 24-cv-01387-KAW

**ORDER TO SHOW CAUSE; GRANTING EXTENSION OF TIME TO PAY FILING FEE**

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of his petition for resentencing under California Penal Code section 1172.6. Because it does not appear from the face of the petition that it is without merit, a response from respondent is warranted. Petitioner is also GRANTED an extension of time in which to pay the filing fee.[2]

**BACKGROUND**

Petitioner was convicted of first-degree felony murder during the commission of a robbery in Alameda County in 2003 and sentenced to 26 years to life in state prison. ECF 1. The California Court of Appeal affirmed the judgment in 2006, and the California Supreme Court denied petitioner's petition for review in 2010.

Petitioner filed a petition for resentencing in Alameda County Superior Court pursuant to

---

[1] The Clerk is directed to substitute Chance Andes, acting warden of San Quentin Rehabilitation Center, where petitioner is incarcerated, as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Petitioner indicates he is "able to pay from [his] trust account." ECF 4 at 1.

United States District Court
Northern District of California

1    California Penal Code section 1172.6, which was denied on March 5, 2021.  The trial court denied

2    the petition because it found that although petitioner could not be convicted of felony murder

3    under California Penal Code section 189 subdivision (e), he could be convicted under subdivision

4    (f), which contains an exception to subdivision (e) "when the victim is a peace officer who was

5    killed while in the course of the peace officer's duties, where the defendant knew or reasonably

6    should have known that the victim was a peace officer engaged in the performance of the peace

7    officer's duties."  The trial court found, in relevant part, that there was substantial evidence that

8    petitioner had the requisite knowledge.  The California Court of Appeal affirmed denial of the

9    resentencing petition on September 12, 2022.  The California Supreme Court denied review on

10   November 30, 2022.  Petitioner's counsel for the state appeal of the denial of his resentencing

11   petition advised him that he could not file a federal habeas petition "because Senate Bill 1437 was

12   a state law," but another attorney later advised him on February 22, 2024, that he could file a

13   federal habeas petition.  *Id.* at 8.  Petitioner then filed the instant federal petition on March 8,

14   2024.

### DISCUSSION

#### 1.    Standard of Review

17   This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

18   custody pursuant to the judgment of a State court only on the ground that he is in custody in

19   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It

20   shall "award the writ or issue an order directing the respondent to show cause why the writ should

21   not be granted, unless it appears from the application that the applicant or person detained is not

22   entitled thereto."  *Id.* § 2243.

#### 2.    Legal Claims

24   Petitioner claims that his Due Process rights were violated by the state courts' failure to

25   vacate his felony murder conviction because there is insufficient evidence that he knew or should

26   have known that the victim was a peace officer.  This claim, when liberally construed, presents

27   cognizable grounds for federal habeas relief.

28

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner shall pay the $5.00 filing fee within 14 days of the date of this order.

2. The Clerk shall serve electronically: (1) a copy of this order and (2) a notice of assignment of a prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk also shall serve by mail a copy of this order on petitioner.

3. No later than sixty days from the date of this order, the respondent shall file with this Court and serve upon petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on the respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4. No later than sixty days from the date of this order, the respondent may file with this Court and serve upon petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If the respondent files such a motion, petitioner shall file with the Court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and the respondent shall file with the Court and serve on petitioner a reply within fourteen days of receipt of an opposition.

5. It is petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of

1  Change of Address," and must comply with the Court's orders in a timely fashion.  He also must

2  serve on the respondent's counsel all communications with the Court by mailing a true copy of the

3  document to the respondent's counsel.

4      6.      Extensions of time are not favored, though reasonable extensions will be granted.

5  Any motion for an extension of time must be filed no later than three days prior to the deadline

6  sought to be extended.

7      7.      The Clerk shall substitute Chance Andes on the docket as the respondent in this

8  case.

9      **IT IS SO ORDERED.**

10  Dated: November 1, 2024

11

12

13  KANDIS A. WESTMORE
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

4