UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br>　　　　Petitioner,<br>　　v.<br>CHANCE ANDES,<br>　　　　Respondent. | Case No. 24-cv-01387-HSG<br>**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of his petition for resentencing under Cal. Penal Code § 1172.6. Dkt. No. 1. In the interests of justice, the Court GRANTS Petitioner's request for a 30-day extension of time to respond to the motion to dismiss. Dkt. No. 13. Petitioner shall file his opposition to the motion to dismiss by January 24, 2025. Respondent shall his reply by February 7, 2025.

However, in Petitioner's request for an extension of time, he states that he also seeks an extension of time to prepare a supplemental brief alleging judicial bias and misconduct by Alameda County Superior Court Judge Jacobson, who was the judge who denied his resentencing petition. Petitioner states that he learned in late October 2024 that Judge Jacobsen worked on Petitioner's case as an Alameda County District Attorney investigator and, during that time, covered up prosecutorial misconduct. Petitioner alleges that Judge Jacobson's misconduct impacted his case, and that Judge Jacobson denied the resentencing petition to cover up his misconduct, and the misconduct of his then-office, the Alameda County District Attorney's office. *See* Dkt. No. 13. To the extent that Petitioner seeks to file a supplemental brief raising additional challenges to the state court denial of his resentencing petition, the Court cautions Petitioner that he may not amend his petition piecemeal. If Petitioner wishes to raise additional challenges to the

United States District Court
Northern District of California

state court denial of his resentencing petition, he must file an amended petition that presents all his challenges to the state court denial of his resentencing petition. In addition, any challenges to Petitioner's sentence or conviction must first be presented to the state courts before being raised in a federal habeas petition. *See* 28 U.S.C. § 2254. Petitioner states that he has only recently learned of Judge Jacobsen's bias and misconduct, so it appears unlikely that Petitioner has presented this challenge to the denial of his state court resentencing petition to the state courts, as required by 28 U.S.C. § 2254.

This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated:   12/13/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2