UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>    Petitioner,<br><br>    v.<br><br>CHANCE ANDES,<br><br>    Respondent. | Case No. 24-cv-01387-HSG<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; GRANTING MOTION TO STAY AND ABEY ACTION; DISMISSING AS MOOT MOTION TO DISMISS; DIRECTING CLERK TO STAY AND ADMINISTRATIVELY CLOSE CASE**<br><br>Re: Dkt. Nos. 4, 12, 15 |

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of his petition for resentencing under Cal. Penal Code § 1172.6. Dkt. No. 1. For the reasons set forth below, the Court GRANTS Petitioner's request to proceed *in forma pauperis*, Dkt. No. 4; GRANTS Petitioner's motion to stay and hold these proceedings in abeyance, Dkt. No. 15; DISMISSES as moot Respondent's motion to dismiss, Dkt. No. 12; and DIRECTS the Clerk to STAY and ADMINISTRATIVELY CLOSE this case.

**DISCUSSION**

Petitioner commenced this action on or about March 8, 2024. Dkt. No. 1. The petition alleges that the state court violated the Due Process Clause when it denied Petitioner's petition for resentencing under Cal. Penal Code § 1172.6 because there is insufficient evidence to support Petitioner's felony murder conviction. Dkt. Nos. 1, 8. The Court found that this allegation stated a cognizable claim for federal habeas relief. Dkt. No. 8.

Respondent filed a motion to dismiss this petition for failure to state a cognizable claim for relief. Dkt. No. 12.

On December 9, 2024, Petitioner requested an extension of time to file his opposition to

1  Respondent's motion to dismiss.  Dkt. No. 13.  In the request for an extension of time, Petitioner
2  stated that, in late October 2024, he learned that Judge Jacobsen, the judge who denied his
3  resentencing petition, had worked on Petitioner's case as an Alameda County District Attorney
4  investigator and, during that time, covered up prosecutorial misconduct.  Petitioner alleged that
5  Judge Jacobson denied the resentencing petition to cover up his own misconduct and the
6  misconduct of his then-office, the Alameda County District Attorney's office.  *Id.*  Petitioner
7  requested a thirty-day extension of time to file his opposition so that he could include his newly
8  discovered claim of judicial bias and misconduct.  *Id.*  The Court granted the request for an
9  extension of time, but cautioned Petitioner as follows:

> To the extent that Petitioner seeks to file a supplemental brief raising additional challenges to the state court denial of his resentencing petition, the Court cautions Petitioner that he may not amend his petition piecemeal. If Petitioner wishes to raise additional challenges to the state court denial of his resentencing petition, he must file an amended petition that presents all his challenges to the state court denial of his resentencing petition. In addition, any challenges to Petitioner's sentence or conviction must first be presented to the state courts before being raised in a federal habeas petition. See 28 U.S.C. § 2254. Petitioner states that he has only recently learned of Judge Jacobsen's bias and misconduct, so it appears unlikely that Petitioner has presented this challenge to the denial of his state court resentencing petition to the state courts, as required by 28 U.S.C. § 2254.

16  Dkt. No. 14 at 1-2.
17  Petitioner has filed a motion requesting that the Court stay this petition and hold it in
18  abeyance, so that he may exhaust state court remedies for his newly discovered claim of judicial
19  misconduct or bias.  Dkt. No. 15.  The Court GRANTS the request for a stay.  It is within the
20  Court's discretion to stay fully exhausted petitions.  *See Duke v. Gastelo*, 64 F.4th 1088, 1098 (9th
21  Cir. 2023) (holding that district court's denial of stay and dismissal of fully exhausted petition was
22  abuse of discretion because (1) no possibility stayed petition would interfere with state
23  resentencing proceeding, (2) district court was not limited to considering a *Rhines*/*Kelly* stay,
24  which apply only to mixed petitions, and (3) denying stay "unnecessarily created a significant risk
25  that [petitioner] would lose his one chance for federal review of his constitutional claims").  The
26  Court has examined the record, and it appears that Petitioner has shown good cause for his failure
27  to exhaust his claims of judicial misconduct and bias before filing this petition, the claims do not
28  appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic

by petitioner.  Petitioner is cautioned that he must exhaust his claims in the California Supreme Court.  *See McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (petitioner must present to highest state court all claims he wishes to raise in federal habeas petition).  Petitioner must also promptly return to federal court after his state court proceedings have concluded.  Within **thirty (30) days** from the date the California Supreme Court completes its review of Petitioner's claims, Petitioner must inform this Court if he wishes to seek further relief in this Court.  Upon returning to federal court, Petitioner must seek leave to amend his petition to add the newly exhausted claims, and must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.  The Court expresses no opinion as to whether Petitioner can successfully satisfy the criterion set forth in *Mayle* and *Duncan*.

## CONCLUSION

1. The Court GRANTS Petitioner's request for leave to proceed *in forma pauperis*. Dkt. No. 4.  No filing fee is due.

2. The Court GRANTS Petitioner's motion for to stay and abbey this case.  Dkt. No. 15.  This action is hereby STAYED while Petitioner exhausts his unexhausted claim(s) in the state courts.

3. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted.  To do so, Petitioner must notify the Court within **thirty (30) days** from the date the California Supreme Court completes its review of Petitioner's claims.  The notice must clearly identify in the caption that it is to be filed in Case No. C 24-1387 HSG (PR).  Upon Petitioner's filing of the notification that his claims have been exhausted, the Court will lift the stay, reopen the case, and schedule further proceedings.

4. If Petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

5. In light of the stay, the Court DISMISSES as moot Respondent's motion to dismiss.  Dkt. No. 12.

1    6. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this
2 action. This has no legal effect; it is purely a statistical procedure.
3    This order terminates Dkt. Nos. 4, 12, 15.
4    **IT IS SO ORDERED.**
5 Dated:  February 21, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge