UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL G. SIFUENTES,<br><br>Plaintiff,<br><br>v.<br><br>CHANCE ANDES,<br><br>Defendant. | Case No. 24-cv-01387-HSG<br><br>**ORDER DENYING LEAVE TO FILE PROPOSED AMENDED PETITION**<br><br>Re: Dkt. No. 17 |

On or about March 8, 2024, Petitioner filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. For the reasons set forth below, the Court DENIES without prejudice Petitioner's request to file the proposed amended petition docketed at Dkt. No. 17.

**DISCUSSION**

**I.      Background**

Petitioner commenced this action by filing the habeas petition docketed at Dkt. No. 1. Dkt. No. 1 challenges the denial of his petition for resentencing under Cal. Penal Code § 1172.6, alleging that the state court's denial of his resentencing petition violated the Due Process Clause because there was insufficient evidence to support his felony murder conviction. Dkt. Nos. 1, 8.

On December 9, 2024, Petitioner requested an extension of time to file his opposition to Respondent's motion to dismiss. Dkt. No. 13. In the request for an extension of time, Petitioner stated that, in late October 2024, he learned that Judge Jacobsen, the judge who denied his resentencing petition, had worked on Petitioner's case as an Alameda County District Attorney investigator and, during that time, covered up prosecutorial misconduct. Petitioner alleged that Judge Jacobson denied the resentencing petition to cover up his own misconduct and the misconduct of his then-office, the Alameda County District Attorney's office. *Id.* Petitioner

1    requested a thirty-day extension of time to file his opposition so that he could include his newly
2    discovered claim of judicial bias and misconduct. *Id.*
3        On December 31, 2024, the Court granted Petitioner's request for an extension of time, but
4    cautioned Petitioner that if he wished to raise additional challenges to the state court denial of his
5    resentencing petition, he would need to file an amended petition that presents all his challenges to
6    the state court denial of his resentencing petition. The Court also noted that Petitioner's claim of
7    judicial bias and misconduct appeared to be unexhausted. Dkt. No. 14 at 1-2.
8        In response, Petitioner filed a motion requesting that the Court stay and abey this habeas
9    proceeding so that he could exhaust his state court remedies for his newly discovered claim of
10   judicial misconduct or bias. Dkt. No. 15. On February 21, 2025, the Court granted Petitioner's
11   request and stayed this action. Dkt. No. 16.
12       On or about May 28, 2025, the Court received a habeas petition from Petitioner, which
13   alleged that (1) the Alameda County District Attorney's Office violated California's Racial Justice
14   Act ("CRJA") in prosecuting his case, and (2) his conviction violated *Batson*. This petition further
15   stated that Petitioner was currently pursuing these claims in the state courts, and was presenting
16   these claims to the federal courts in an abundance of caution in order to preserve his rights under
17   the CRJA. C No. 25-cv-04488 HSG, *Sifuentes v. Andes*, Dkt. No. 1. This petition did not replead
18   the due process challenges to the denial of the resentencing petition set forth in Dkt. No. 1.
19   Because the petition did not have the case number for this case, the Clerk opened a new habeas
20   action and assigned the case number 25-cv-04488 HSG to this action. *Id.* On June 4, 2025, the
21   Court administratively closed C No. 25-cv-04488 HSG because this habeas action was already
22   pending in this Court. The Ninth Circuit has directed that when a *pro se* petitioner files a new
23   petition in the district court where an earlier-filed petition is still pending, the district court must
24   construe the new petition as a motion to amend the pending petition rather than as an unauthorized
25   second or successive petition. *Woods v. Carey*, 525 F.3d 886, 887–90 (9th Cir. 2008).
26   Accordingly, the Court directed that the petition filed in C No. 25-cv-04488 HSG be filed in this
27   action as a proposed amended petition. C No. 25-cv-04488 HSG, *Sifuentes v. Andes*, Dkt. No. 7.
28   //

**II.     Denying Request for Leave to File Proposed Amended Petition (Dkt. No. 17)**

Petitioner's recently filed petition alleging that his conviction violated the California Racial Justice Act and *Batson* has been docketed in this action as a proposed amended petition. Dkt. No. 17. This proposed amended petition does not not replead the due process challenges to the denial of the resentencing petition set forth in Dkt. No. 1. *Id.* The Court DENIES Petitioner's request to file the proposed amended petition docketed at Dkt. No. 17.

Fed. R. Civ. P. 15 governs amendments of habeas petition. 28 U.S.C. § 2242 (habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions); Fed. R. Civ. P. 15. Before a responsive pleading is served, a habeas petition may be amended once as a matter of course without requiring leave of court. Fed. R. Civ. P. 15(a)(1). In all other cases, amendment requires leave of court. Fed. R. Civ. P. 15(a)(2). Because Respondent has filed a responsive pleading, Dkt. No. 12, Petitioner must obtain leave of court before he can amend his petition. Generally, amendment of a petition constitutes waiver of any omitted arguments or claims from previous versions of the petition. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008). Thus, the filing of a new petition cancels out and waives any claims from the old petition. *Id.*

The Court DENIES petitioner's request to file the proposed amended petition docketed at Dkt. No. 17 for the following reasons.

First, Dkt. No. 17 waives the due process claim alleged in Dkt. No. 1 because it omits this claim. The Court presumes that Petitioner does not intend to waive his due process claim.

Second, the proposed amended petition's claim that Petitioner's conviction violated the California Racial Justice Act fails to state a claim for federal habeas relief. Federal habeas relief is available only for violations of the federal Constitution, federal laws, or treaties of the United States and does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The California Racial Justice Act is a state law, and federal habeas relief is unavailable for violations of the CRJA. *See Allen v. Guzman*, C No. 2:23-cv-10929-SVW-MAA, 2025 WL 1122360, at *4 (C.D. Cal. Mar. 12, 2025) ("multiple federal district courts in California have held that a state court's rejection of a CRJA claim is not cognizable on federal habeas review") (collecting cases).

3

Third, the proposed amended petition claims to raise a new "stand alone" *Batson* claim, stating that although the *Batson* claim was previously presented, the *Batson* claim has "significantly changed as a result of newly discovered evidence presented herein." Dkt. No. 17-1 at 23. Petitioner has previously challenged his conviction. *See generally* C No. 09-cv-2902 PHJ, *Sifuentes v. Brazleton*. Petitioner must obtain authorization from the Ninth Circuit Court of Appeals to challenge this conviction for a second time based on facts that had occurred at the time of the initial petition, as is the case here. 28 U.S.C. § 2244(b)(2); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (where petitioner has already filed habeas petition challenging his conviction or judgment, subsequent habeas petition that challenges same conviction or judgment is "second or successive" within meaning of Section 2244 if facts underlying claims brought in subsequent petition occurred by time of initial petition). Here, although the facts underlying the new *Batson* claim are allegedly newly discovered, the facts had occurred at the time of the initial petition. Petitioner has not obtained the required authorization from the Ninth Circuit, and this Court therefore cannot consider his *Batson* claim.[1] 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain second or successive petition unless petitioner first receives authorization from court of appeals).

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's request to file the proposed amended petition docketed at Dkt. No. 17. The operative petition in this action remains Dkt. No. 1. Petitioner is reminded that after exhausting his claims in state court, he may return to this Court

---

[1] This petition challenging the denial of Petitioner's resentencing petition is not a second or successive petition within the meaning of Section 2244 because the factual predicate for this claim – the 2021 denial of the resentencing petition – had not accrued at the time the initial petition was filed in 2009. *See Brown v. Atchley*, 76 F.4th 862, 873 (9th Cir. 2023) (petitioner's third and fourth habeas petitions, regarding his application for Section 1170.95 re-sentencing and related denial of this application, not second or successive because claims did not become ripe until March 2019 when resentencing application was denied, which was after first and second habeas petition were denied or dismissed in 1998 and 2016, respectively).

and ask that the stay be lifted. To do so, Petitioner must notify the Court within thirty (30) days from the date the California Supreme Court completes its review of Petitioner's claims. The notice must clearly identify in the caption that it is to be filed in Case No. C 24-1387 HSG (PR). Upon Petitioner's filing of the notification that his claims have been exhausted, the Court will lift the stay, reopen the case, and schedule further proceedings. If Petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

This order terminates Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: 7/10/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge